Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO <br><br> Recurrido <br><br> v. <br><br> HÉCTOR OMAR PADILLA CINTRÓN <br><br> Peticionario | KLCE202500225 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan <br><br> Caso Núm. K VI2010G0030 <br><br> Sobre: Art. 106 / Grados de asesinato |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Marrero Guerrero.

Pagán Ocasio, juez ponente

# **RESOLUCIÓN**

En San Juan, Puerto Rico, a 26 de marzo 2025.

## **I.**

El 6 de marzo de 2025, el señor Héctor Omar Padilla Cintrón (señor Padilla Cintrón o peticionario), quien se encuentra privado de su libertad, presentó una petición de *Certiorari*, intitulada *Apelación,* en la que solicitó que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) el 13 de enero de 2025, notificada y archivada en autos el 15 de enero de 2025.[2] En el dictamen, el TPI declaró No Ha Lugar una *Moción en solicitud de reconsideración*[3] promovida por el señor Padilla Cintrón para que el foro primario revirtiera una *Orden*[4] en la que se denegó la revocación de una sentencia y condena que le fue impuesta el 27 de enero de 2011 tras su convicción por dos cargos de asesinato en primer grado y otros delitos.

Junto al recurso, el peticionario sometió una *Solicitud y declaración para que se exima de pago de arancel por razón de*

---

[1] Ver Orden Administrativa OAJP2021-086.
[2] Apéndice de la petición de *Certiorari*, pág. 33.
[3] Íd., págs. 30-32.
[4] La *Orden* no fue incluida en el Apéndice de la petición de *Certiorari*.

*indigencia* en la que solicitó que le autorizáramos a litigar *in forma pauperis* porque, según informó en el formulario, no posee los medios económicos para sufragar los costos del litigio. En atención a lo expuesto, autorizamos la litigación *in forma pauperis* y por derecho propio del peticionario.

Además, como cuestión de umbral, debemos mencionar que la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXIIB, R. 7(B)(5), nos confiere la facultad para prescindir de escritos, en cualquier caso, ante nuestra consideración, con el propósito de lograr su más justo y eficiente despacho. Dadas las particularidades de este caso, prescindimos de la comparecencia del Pueblo de Puerto Rico.

En el recurso, el señor Padilla Cintrón expone que, para el 3 de octubre de 2024, presentó ante el TPI una *Moción en solicitud de auxilio de jurisdicción y/o revocación de sentencia*[5] en la que planteó que no se encontraba con facultades mentales claras el día que realizó alegación de culpabilidad por los delitos de asesinato en primer grado y posesión o uso ilegal de armas largas. En aquel escrito, expresó que, para el 27 de enero de 2011, sufría ataques de pánico, fue medicado y recibió agua de azahar y *Maalox*.[6] Por eso, ante nos, plantea que la alegación de culpabilidad no fue hecha en pleno acto de conciencia y argumentó que procede la revocación de la sentencia que le fue impuesta. En específico, señala que el TPI erró al expresar que el asunto ya había sido atendido con anterioridad, toda vez que era la primera vez que levantaba el planteamiento dado que antes no contaba con la documentación que acompañó su solicitud de revocación de la sentencia.[7]

---

[5] Íd., págs. 9-14.

[6] Íd., pág. 11.

[7] Junto al recurso, el peticionario adjuntó dos hojas de una evaluación médica que presuntamente le fue realizada el 27 de enero de 2011. En ellos, se precisa que, entre otras cosas, le fue administrado *Tylenol, Maalox* y *Desyrel*. Véase Apéndice de la petición de *Certiorari*, págs. 20-21.

Ahora bien, cabe enfatizar que la *Orden* recurrida fue emitida por el TPI el 31 de octubre de 2024, notificada y archivada el **11 de noviembre de 2024**.[8] según surge del portal del Poder Judicial. Fue en ese dictamen que el foro primario declaró No Ha Lugar la solicitud de revocación de sentencia del señor Padilla Cintrón. A su vez, la reconsideración solicitada sobre dicho dictamen fue declarada No Ha Lugar en una *Orden* emitida el 13 de enero de 2025, notificada y archivada el **15 de enero de 2025**.[9]

Adviértase que el peticionario no incluyó la *Resolución* cuya reconsideración solicitó ante el TPI, ni realizó una referencia a dicha determinación y la fecha en la que fue emitida y notificada. Al igual, discutió escuetamente el error señalado ante el foro primario.

Además, tomamos conocimiento judicial de nuestra *Resolución* emitida en el KLCE202300876 en la que el señor Padilla Cintrón impugnó una *Orden* idéntica a la aquí recurrida en la que el TPI denegó una solicitud suya para dejar sin efecto la sentencia por inefectividad de su abogado. Allí presentó los mismos argumentos que en este caso. Es decir, esta no es la primera vez que el peticionario pretende infructuosamente que el TPI y esta Curia revisen la sentencia según idénticas alegaciones.[10] Por lo que el foro primario resolvió el asunto previamente mediante *Orden* emitida el 14 de junio de 2023, notificada el 15 de junio de 2023.

**II.**

**A.**

El auto de *certiorari* es un remedio procesal discrecional que permite a un tribunal de mayor jerarquía revisar las

---

[8] Dicha fecha surge de la página del Poder Judicial.

[9] Apéndice de la petición de *Certiorari*, pág. 33.

[10] Véase el KLCE202300876 en el que se consignó específicamente: "[e]l peticionario alegó que el TPI erró al no dejar sin efecto la *Sentencia* dictada en su contra, toda vez que no tuvo una buena representación legal. Arguyó que <u>no se encontraba bien para firmar y menos para ver una vista de sentencia, debido a que tuvo un ataque de pánico y se encontraba bajo efectos de medicamentos</u>". (Subrayado nuestro). KLCE202300876, págs. 1-2.

determinaciones de un tribunal inferior. ***Medina Nazario v. McNeil Healthcare LLC***, 194 DPR 723, 728 (2016). Véase, además, ***IG Builders et al. v. BBVAPR***, 185 DPR 307, 337 (2012). A diferencia de una apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *certiorari* de forma discrecional. ***Rivera Figueroa v. Joe's European Shop***, 183 DPR 580, 596 (2011).

Con el fin de que podamos ejercer de manera sabia y prudente nuestra facultad discrecional, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, R.40, establece los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*.[11]

**B.**

La jurisdicción ha sido definida como "el poder o autoridad de un tribunal para considerar y decidir casos y controversias". ***Shell v. Srio. Hacienda,*** 187 DPR 109, 122 (2012). Los tribunales tienen siempre la obligación de ser celosos guardianes de su propia jurisdicción, toda vez que sin jurisdicción no están autorizados a entrar a resolver los méritos de un recurso. Íd., págs. 122-123. En consecuencia, los asuntos de jurisdicción son materia privilegiada y deben ser resueltos con preferencia. ***Fuentes Bonilla v. ELA,*** 200 DPR 364, 372 (2018). Así, cuando un tribunal no tiene

---

[11] Esta Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

autoridad para atender el recurso, solo tiene jurisdicción para así declararlo y desestimar el caso sin entrar en los méritos de la controversia. ***Mun. de San Sebastián v. QMC Telecom,*** 190 DPR 652, 660 (2014).

A tenor con los principios antes reseñados, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, autoriza al Tribunal de Apelaciones a desestimar un recurso por falta de jurisdicción.

## C.

Otra de las razones que privan a los tribunales de asumir jurisdicción sobre un asunto es el incumplimiento por la parte promovente con las reglas referentes al perfeccionamiento del recurso. Ante un incumplimiento de este tipo, el derecho procesal apelativo autoriza que se desestime un recurso. ***Arriaga v. F.S.E.,*** 145 DPR 122, 129-130 (1998). El cumplimiento con el Reglamento del Tribunal de Apelaciones, *supra*, no puede soslayarse injustificadamente. Íd., pág. 130.

Ahora bien, la omisión de un documento no debe acarrear automáticamente la desestimación del recurso, sino que debe obligar a los tribunales a analizar la naturaleza del documento o folio omitido y su importancia para la consideración del recurso. H. Sánchez Martínez, *Derecho Procesal Apelativo, Puerto Rico*, Ed. Lexis Nexis de Puerto Rico, Inc., 2001, pág. 333. Para los foros apelativos, el apéndice equivale al expediente judicial del tribunal de instancia y mediante este, descansan para descargar sus responsabilidades y prerrogativas. Íd., pág. 314. Por tal razón, "[u]na decisión judicial tomada a base de un expediente incompleto es siempre portadora del germen latente de la incorrección". Íd.

A su vez, cabe destacar también que las partes que comparecen por derecho propio no están exentas del cumplimiento de estas normas, puesto que el carácter de su comparecencia, por

sí sola, no justifica el incumplimiento con las reglas procesales. *Febles v. Romar,* 159 DPR 714, 722 (2003).

**D.**

La doctrina de la ley del caso es una manifestación del principio de que las adjudicaciones deben tener fin. *Rosso Descartes v. BGF,* 187 DPR 184, 192 (2012). Su propósito es velar por el trámite ordenado y pronto de los litigios, así como promover la estabilidad y certeza del derecho. Íd., pág. 193. De esta forma, las partes pueden conducirse en el pleito sobre directrices judiciales confiables y certeras. *Núñez Borges v. Pauneto Rivera,* 130 DPR 749, 754 (1992).

En virtud de esta doctrina, es la norma que los planteamientos que han sido adjudicados en el ámbito judicial, a través de un dictamen firme, constituyen la ley del caso y, por eso, sus determinaciones y asuntos decididos obligan tanto al tribunal inferior, como al que las dictó, impidiendo que puedan ser reexaminados. *Rosso Descartes v. BGF,* supra; *Mgmt. Adm. Servs. Corp. v. E.L.A.,* 152 DPR 599, 606-607 (2000).

Ahora bien, la doctrina de la ley del caso no representa un mandato invariable o inflexible, recoge una costumbre: que se respeten como finales las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa. *Núñez Borges v. Pauneto Rivera,* supra. De la mano con esto, esta doctrina representa una sana práctica judicial, no una regla inviolable. *Torres Cruz v. Municipio de San Juan*, 103 DPR 217, 222 (1975); *Don Quixote Hotel v. Tribunal Superior*, 100 DPR 19, 30 (1971). Así, si un tribunal entiende que la ley del caso antes establecida es errónea y puede causar una grave injusticia, puede aplicar una norma de derecho distinta, en aras de resolver justamente. *Don Quixote Hotel v. Tribunal Superior*, supra. Empero, una determinación emitida por un tribunal previamente no debe

alterarse, **a menos que** surja del expediente una variación de hechos del caso o un estado de derecho particular. ***Rosso Descartes v. BGF,*** supra, pág. 192-193; ***Mgmt. Adm. Servs. Corp. v. E.L.A.,*** supra, pág. 607. Cónsono con esto último, la doctrina de la ley del caso no es férrea, ni de aplicación absoluta, si conduce a resultados manifiestamente injustos. ***Mgmt. Adm. Servs. Corp. v. E.L.A.,*** supra, pág. 608, (citando a ***Noriega v. Gobernador***, 130 DPR 919, 931 (1992)).

**III.**

En el presente recurso, el señor Padilla Cintrón solicita que revoquemos una *Orden* en la que el TPI declaró No Ha Lugar su solicitud de reconsideración. En esta última, el peticionario pretendía que el foro primario revirtiera una *Orden* previa en la que rechazó revocar la sentencia que el peticionario extingue tras realizar alegación de culpabilidad por asesinato en primer grado y posesión y uso de armas largas. Según esboza, su alegación no fue un acto de plena conciencia porque padecía de ataques de pánico y fue medicado con agua de azahar y *Maalox*. Al igual, aduce que el foro primario se equivocó al determinar que su solicitud había sido atendida previamente.

Tras un análisis objetivo, sereno y cuidadoso del expediente del caso, en correcta práctica adjudicativa apelativa, resolvemos que debemos abstenernos de ejercer nuestra función revisora y que procede rechazar intervenir con la determinación del TPI. La determinación recurrida es esencialmente correcta en derecho, toda vez que la controversia aducida por el peticionario fue resuelta previamente por el foro primario. El dictamen recurrido por el peticionario es una *Orden* que no incluyó en el recurso, emitida el 31 de octubre de 2024, notificada y archivada en autos el 11 de noviembre de 2024. Esa determinación fue objeto de una reconsideración solicitada por el peticionario en una *Moción en*

*solicitud de reconsideración* con fecha del 6 de diciembre de 2024, recibida por el TPI el 27 de diciembre de 2024. Esa reconsideración fue rechazada por el foro primario en una *Orden* emitida el 13 de enero de 2025, notificada y archivada el 15 de enero de 2025.[12]

Asimismo, debe destacarse que el peticionario omitió incluir la *Orden* recurrida, optando únicamente por someter el dictamen que rechazó reconsiderarla. Su recurso tampoco la identifica con precisión. De igual manera, no discutió el error señalado al foro primario más allá de plantear escuetamente que se equivocó al resolver que sus alegaciones ya habían sido atendidas y resueltas. Estas omisiones constituyen incumplimientos de la Regla 34 del Tribunal de Apelaciones, *supra*, en sus incisos (C)(1)(c), (C)(1)(e), (C)(1)(f) y (E)(1)(b).

Cabe destacar además que el planteamiento de que el foro primario se equivocó al resolver que las alegaciones del peticionario habían sido atendidas y resueltas es errado, a la luz del KLCE202300876. Según lo consignado en la *Resolución* que atendió dicho recurso, emitida por este mismo panel, no es la primera vez que el peticionario cuestiona, por los mismos fundamentos, la sentencia que le fue impuesta luego de que alegara su culpabilidad. En aquella ocasión, planteó que no se encontraba bien para firmar y participar en la vista de sentencia porque sufrió un ataque de pánico y se encontraba bajo los efectos de medicamentos. Dicha orden fue **emitida el 14 de junio de 2023**. En esta segunda ocasión, no expuso hechos adicionales o argumentos para sostener sus repetidas alegaciones. Por el contrario, únicamente señaló que le fue administrada agua de azahar y *Maalox*. Por todo ello, resulta preciso puntualizar que la alegación del peticionario fue resuelta

---

[12] En su escrito ante esta Curia el peticionario expresa que recibió la referida el **25 de enero de 2025**.

desde el 2023 y en esta ocasión volvió a presentarla. Resolvemos que sus alegaciones fueron resueltas previamente.

**IV.**

Por los fundamentos anteriormente pormenorizados, se *deniega* la expedición del auto de *Certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones